Lomax, J.
delivered the opinion of the’ Court.
The Court is of opinion that, as this prosecution was only for forging the writing which purported to be a negotiable note, there was no necessity that the indictment should set out the endorsements, or any other matter written upon the same paper, constituting no part of the note itself, and not entering into the essential description of that instrument. It is enough to set out in the indictment the note itself, without any other extrinsic marks or writings upon the same paper. Commonwealth v. Ward, 2 Mass. R. 397; Simmons v. The State, (Ohio,) 7 Ham. R. pt. 1, 116. When the paper with these unessential marks and writings is offered in evidence, for the purpose of sustaining the prosecution for the forgery of the note, there will be no valid objection on the ground of variance between the proofs and the charges laid in the indictment. Stark. Cr. Pl. 113; Rex v. Testick, in note, 1 East’s R. 180; East’s Cr. Law 925; Commonwealth v. Adams, 7 Metc. R. 50; Commonwealth v. Searle, 2 Binn. R. 332; Commonwealth v. Ross, 2 Mass. R. 373.
*655 Nor is there any ground for the exception that the negotiable note, which is truly set out, contained the acknowledgment of the promise to pay in the past tense, instead of the usual promise in the present tense. Whether it was in the past or present tense, it was equally a negotiable promissory note. Commonwealth v. Parmenter, 5 Pick. R. 279. Nor would the paper lose the character of a negotiable promissory note, as charged in the indictment, because there should be any thing in the frame of the note which might, for want of some conformity to the practice of the bank, deter the bank from discounting the note. It was not less a negotiable promissory note though the bank might refuse to negotiate it.
Nor is there any ground for the exception, stated as the third, in the petition. The instruction given by the Court was a direct response to the enquiry, which was propounded by the jury, for settling their doubts, according to the views taken by them of the evidence in the case. The matters of law, stated by the Court in that instruction, were correctly stated. Even if it might seem to others than the jury to be an instruction upon what might be deemed abstract and foreign from the case, yet the verdict ought not to be set aside on that account; the judgment of the Court being right upon the question submitted to it by the jury.
Another exception stated in the petition to the proceedings of the Court below, is the refusal of the Court to award a new trial, it being alleged that the evidence in the record is insufficient to sustain the verdict. It is abundantly proved that the note was forged; and that the note so forged was in the possossion of the accused ; and that he was seeking to utter it, and to derive benefit from it. When the forgery was detected, he offered no explanation whatsoever in regard to the paper — how or when it came to his hands — -nor of any of the circumstances connected Avith the paper, or his *656 possession of it. He made no attempt to offer any such explanation. By whom the forgery of the paper was committed, whether by the accused or some other person, was a question of fact for the jury to decide upon, after weighing all the proofs and circumstances of the case. It was so held by Story, J. in United States v. Britton, 2 Mason’s R. 464; and seems so to have been held in Spencer’s Case, 2 Leigh 751.
The rule of evidence in such cases was laid down in the Supreme court of North Carolina, in the case of The State v. Britt, 3 Dev. R. 122; and in the case of The State v. Morgan, 2 Dev. & Batt. 348. Ruffin, C. J. in delivering the opinion of the Court in the latter of these cases, maintained that the accused being in possession of the forged order, drawn in his own favor, were facts constituting complete proof that, either by himself, or by false conspiracy with others, he forged or assented to the forgery of the instrument — that he either did the act or caused it to be done, until he shewed the actual perpetrator, and that he himself was not privy. A distinction was taken between having such paper, as a forged order, in possession, and having a counterfeit bank note; an instrument current in its nature, and which might well come innocently to any one’s hands. In the case of the forged order, he who holds it under such circumstances, it was said, should be taken to be the forger, unless he shews the contrary. And it was moreover said, in one of the cases cited, that with the exception of such papers as pass from hand to hand in the common transactions of life, the uttering of a forged paper, if unexplained, is in sound sense, evidence of the forgery of the paper by the utterer.
In the present case, it was proved that the endorsement of Gault, as well as the note itself, was forged. Although in the order of endorsements his name precedes the endorsement of the payee, he must be regarded as the pretended endorsee of the payee; and the title *657 of the accused must he regarded as derived under this forged endorsement of Gault’s name. This case does not require the Court to decide what is the degree of proof, or the character of the proof, as being presumptive or prima facie, which is furnished against the accused as the forger, by the mere circumstances that the instrument was forged and that he was endeavouring to utter or to use it for his own benefit. These circumstances it was the province of the jury to weigh, as important proofs against him: and to combine them in their consideration of the case, with the circumstance of the forged endorsement, and the total omission on his part, to offer any exculpatory explanation whatsoever. In combination with these or any other circumstances before the jury, the evidence tended with powerful effect to convict the accused, as charged in the indictment, with having forged the note. In the exercise of its appellate jurisdiction in a criminal prosecution, this Court cannot, without violating the authority of precedent decisions in such cases, interpose to disturb or set aside the verdict which has been rendered by the jury in this case. It cannot pronounce that the Court below erred in refusing to grant a new trial.
The writ of error applied for is refused.